UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GARDNER BRADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-0432 (BAH) |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

The Court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). A plaintiff need only provide a "short and plain statement of [his] claim showing that [he is] entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). A complaint is subject to dismissal, however, if it fails to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see Williams v. Dillon Cnty. Sheriff's Dep't*, No. 4:13-90, 2013 WL 1185836, at *2 (D.S.C. Feb. 19, 2013) (applying *Iqbal* to the initial screening of a complaint under 28 U.S.C. § 1915(e)(2)), *adopted*, 2013 WL 1180726 (D.S.C. Mar. 20, 2013).

The plaintiff alleges that the Federal Bureau of Investigation and its Cybercrime Division "hack[ed] plaintiff's home computer on Saturday, March 23, 2013 around 11:00 [p.m.]," Compl.

at 1, while the "plaintiff was on the internet through a cricket modem," *id.* at 2.  He claims that he "was on the web page bulktube.com," stepped away from his computer, and returned to observe "the web page: FBI.CYBERCRIME DIVISION (ICSPA)."  *Id.*  The plaintiff then alleges that the appearance of this web page on his computer screen shows that the FBI was "hacking [his] internet service."  *Id.*  The plaintiff demands "compensatory damages from the FBI . . . for the replacement of [his] home computer and punitive damage(s) for the abridgement of [his] constitutional rights of the First Amendment along with the abridgement of plaintiff's 14th Amendment[] entitlement to life, liberty, and the pursuit of happiness abridged by the FBI . . . ."  *Id.* at 2-3.

Even if the Court were to afford the plaintiff "the benefit of all inferences that can be derived from the facts alleged," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), wholly absent from the complaint are factual allegations from which the Court may draw a "reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556).  The complaint fails adequately to state a claim under for violations of rights protected under the Fifth and Fourteenth Amendments to the United States Constitution.  Accordingly, the Court will deny plaintiff's Pleading Pursuant to Federal Rules of Civil Procedure, Rule 39, Formal Request for a Trial by Court [ECF No. 3] and will dismiss the complaint and this civil action.

An Order accompanies this Memorandum Opinion.


/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge

DATE: April 19, 2013